IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| DENNIS PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 03-JEO-1792-W |
| ) | |
| ALABAMA LODGE ) | |
| CORPORATION, INC., d/b/a ) | |
| SHONEY'S INN OF ) | |
| TUSCALOOSA, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This case is before the court on the defendant's motion for summary judgment, and brief in support thereof, filed March 18, 2004. (Doc. 5 & 6).[1] Also before the court is the plaintiff's motion to strike the defendant's response to the plaintiff's opposition to the motion for summary judgment. (Doc. 10). For the reasons set out herein, the court finds that the motion to strike is due to be granted and the defendant's motion for summary judgment is due to be denied.

## PROCEDURAL HISTORY

The plaintiff, Dennis Patterson ("Patterson" or "the plaintiff"), filed his complaint on August 29, 2002, in the Tuscaloosa County Circuit Court, alleging negligence and/or wantonness and negligent maintenance and/or negligent installation due to an injury caused by a fall he sustained on the defendant's property. (Doc. 1). Thereafter, on June 25, 2003, the plaintiff amended his complaint to add an *ad damnum* clause seeking $500,000.00 in damages. (Doc. 1). The defendant on July 14, 2003, filed its notice of removal in this court premised upon diversity

---

[1] References to "Doc. __" are to the documents as numbered by the clerk of court in the court's record of the case.

jurisdiction. (Doc. 1). The defendant next filed a motion for summary judgment on March 18, 2004. (Doc. 5). The plaintiff responded to the motion for summary judgment on April 8, 2004. (Doc. 8). Thereafter, the defendant replied to the plaintiff's response on July 6, 2004. (Doc. 9). The plaintiff moved to strike the defendant's response on July 7, 2004. (Doc. 10). The court then granted the defendant until July 19, 2004, to respond to the plaintiff's motion to strike, which it did. (Doc. 12). The parties have consented to the jurisdiction of the undersigned to conduct these proceedings. 28 U.S.C. § 636(c). (Doc. 14).

## FACTS[2]

On June 5, 2001, Katherine Patterson was employed at the Shoney's Inn in Tuscaloosa, Alabama. (Patterson Aff. at 1).[3] Although she was not scheduled to work that night, she was asked to come in to fill in for another employee who was on vacation. (*Id.*). Ms. Patterson, who lived in a neighboring town, told her manager that she would only be able to work if she were allowed to rent a room for her husband and children because her son had a doctor's appointment in Tuscaloosa early the following morning. (*Id.*). The manager told Ms. Patterson that her family could sleep in a room that was not available for renting at that time. (*Id.*).

Around midnight that night, Ms. Patterson's husband, the plaintiff, went to the Coke machine to buy a drink. (Plaintiff's Affidavit at 1).[4] The plaintiff tripped over a patio stone, fell, and tore a ligament in his leg and broke his shin bone in three places. (*Id.*). As a result of his

---

[2] The facts set out below are gleaned from the parties' submissions and are viewed in a light most favorable to the plaintiff. They are the "'facts' for summary judgment purposes only. They may not be the actual facts. *See Cox v. Administrator U.S. Steel Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994)." *Underwood v. Life Ins. Co. of Georgia*, 14 F. Supp. 2d 1266, 1267 n.1 (N.D. Ala. 1998).

[3] Katherine Patterson's affidavit is located at exhibit 2 to document 8.

[4] The plaintiff's affidavit is located at exhibit 1 to document 8.

injuries, the plaintiff underwent surgery to have a metal plate and screws put in his leg. (*Id.*).

## DISCUSSION

### Plaintiff's Motion to Strike the Defendant's Response

The plaintiff moves to strike the defendant's reply to its response to the defendant's motion for summary judgment and the affidavit of William "Chip" Turner because it was filed out of time. (Doc. 10 at 1). The submission order entered by the court on March 19, 2004 (doc. 7), gave the plaintiff until April 8, 2004, to respond to the defendant's brief and the defendant until April 22, 2004, to reply. (Doc. 7). The defendant did not file its reply or Mr. Turner's affidavit until July 6, 2004. (Doc. 9).

The defendant responds that its reply was untimely because it had difficulty locating Chip Turner, a former manager who is no longer employed at Shoney's Inn. (Doc. 12). The defendant further offers that it did not locate Turner until May 17, 2004. Still, the defendant did not file its reply until July 6, 2004. The court has no record of the defendant requesting additional time to file its reply. The court, therefore, finds that the defendant's reply and Turner's affidavit are untimely and due to be struck from the record. As such, the court will not consider either in its determination of the motion for summary judgment.[5]

### Summary Judgment Standard

Summary judgment is to be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the declarations, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[5]The court notes, however, that even if it had considered the defendant's reply and Turner's affidavit, genuine issues of material fact remain and summary judgment would still not be appropriate. If anything, Turner's affidavit directly contradicts the affidavits of the plaintiff and Katherine Patterson.

matter of law." FED. R. CIV. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The party asking for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the nonmoving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 1608, 26 L. Ed. 2d 142 (1970).

The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the moving party has met her burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. The nonmoving party need not present evidence in a form necessary for admission at trial; however, the movant may not merely rest on the pleadings. (*Id.*).

After a motion has been responded to, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at

249.

## Analysis

### Licensee/Invitee Status

In Alabama, the duty a landowner owes to a person on its premises varies depending upon whether the person is an invitee, a licensee, or a trespasser. *Sisk v. Heil Co.*, 639 So. 2d 1363, 1365 (Ala. 1994). To be classified as an invitee,

> the plaintiff must have been on the premises for some purpose that materially or commercially benefitted the owner or occupier of the premises. (Citation omitted). The duty owed to an invitee "is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care." *Harvell v. Johnson*, 598 So. 2d 881 (Ala. 1992).

*Ex parte Mountain Top Indoor Flea Market*, 699 So. 2d 158, 161 (Ala. 1997). Generally, a property owner owes an invitee a duty "to use reasonable care and diligence to keep the premises in a safe condition, or, if the premises are in a dangerous condition, to give sufficient warning so that, by the use of ordinary care, the danger can be avoided." *Wal-Mart Stores, Inc. v. Rolin*, 813 So. 2d 861, 863 (Ala. 2001) (quoting *KMart Corp. v. Bassett*, 769 So. 2d 282, 284-85 (Ala. 2000)). A licensee is one that is on the landowner's property "with the landowner's consent or as the landowner's guest, but with no business purpose." *Tuders v. Kell*, 739 So. 2d 1069, 1073 (Ala. 1999) (quoting *Copeland v. Pike Liberal Arts School*, 553 So. 2d 100 (Ala. 1989)). A landowner has less of a duty to a licensee than it does an invitee:

> The duty owed by a landowner to a licensee is to abstain from willfully or wantonly injuring the licensee and to avoid negligently injuring the licensee after the landowner discovers a danger to the licensee. *Graveman v. Wind Drift Owners' Ass'n, Inc.*, 607 So. 2d 199 (Ala. 1992). This duty is not an active one to safely maintain the premises; instead, the landowner has the duty not to set traps or pitfalls and not to willfully or wantonly injure the licensee. A "trap" is a danger that a person who does not know the premises cannot avoid by the use of

> reasonable care. *Graveman*, supra. Wantonness has been defined as the conscious doing of some act or conscious omission of some duty by one who has knowledge of the existing conditions and who is conscious that doing, or failing to do, some act will probably result in injury. *Raney v. Roger Downs Ins. Agency*, 525 So. 2d 1384 (Ala. 1988).

*Hambright v. First Baptist Church-Eastwood*, 638 So. 2d 865, 868 (Ala. 1994).

The defendant argues that the plaintiff was a licensee and, therefore, it only owed him the duty "to abstain from being willfully or wantonly injured." (Doc. 6 at 4). The plaintiff counters that he was an invitee because his presence at the hotel allowed his wife to fill an absent shift, thereby conferring a material benefit upon the defendant. (Doc. 8 at 4). The plaintiff further argues that if there is at least the potential for economic benefit to the defendant, then the plaintiff obtains "invitee" status.

The defendant relies on *Gulf Shores Marine Industries, Inc. v. Eastburn*, 681 So. 2d 230 (Ala. Civ. App. 1996), in support of its argument that the plaintiff was a "licensee" on its property. As the defendant points out, in *Gulf Shores*, the plaintiff was a boat detailer and was on the defendant's property for the purpose of detailing a boat owned by someone other than the defendant that was stored on the defendant's property. *Id.* at 231. The court of civil appeals found that although the plaintiff was on the defendant's property with the defendant's knowledge, she was not conferring an economic benefit on the defendant while she was there. *Id.* at 232. In the instant case, the defendant argues that because the plaintiff was not paying for the room at the hotel, he was not conferring an economic benefit on the defendant. (Doc. 6 at 4).

The plaintiff counters that *Gulf Shores* is distinguishable from the instant case because while the *Gulf Shores* defendant received no economic benefit from the plaintiff, the defendant in the instant case did receive an economic benefit from his presence - - had he not been staying at

6

the hotel, his wife would not have been able to work.[6] (Doc. 8 at 5).

The defendant then responds that the plaintiff requested that he be able to stay at the hotel because his son had a nearby doctor's appointment the next morning and that he was allowed to stay as a courtesy to his wife. (Doc. 6 at 1). The plaintiff, on the other hand, alleges that he only stayed at the hotel so that his wife would be able to work an extra shift for the defendant's benefit. (Doc. 8 at 1-2).

The court finds that the plaintiff's status on the defendant's property is disputed and presents a question of fact that a jury must resolve. *See, e.g., Winn-Dixie Montgomery, Inc. v. Rowell*, 288 So. 2d 785, 789 (Ala. 1973) ("The question of whether a person is or is not an invitee is factual and in a jury trial devolves upon the jury for determination."); *Winn-Dixie Montgomery, Inc. v. Cox*, 224 So. 2d 908, 911 (Ala. 1969) ("The rule is well established that in a case involving disputed facts, the question as to whether or not plaintiff was an 'invitee' at the time and place of his injury is a question for the jury to decide."). Accordingly, summary judgment is not warranted under the circumstances.

### Duty Owed to Invitees

Assuming *arguendo* that the plaintiff's status on the defendant's property was that of an invitee, the plaintiff must prove that the defendant breached a duty owed to the plaintiff and that the breach of duty was the proximate cause of the plaintiff's injury. *Wal-Mart Stores, Inc. v. Rolin*, 813 So. 2d 861, 863 (Ala. 2001) (quoting *KMart Corp. v. Bassett*, 769 So. 2d 282, 284-85

---

[6]The plaintiff also suggests that he was in the process of conferring an economic benefit in that he was on his way to the Coke machine when he fell. (Doc. 8 at 5). The plaintiff further suggests that the hotel receives a percentage profit from the Coke machine sales. The plaintiff has not produced any evidence to support his contention that the hotel receives a profit from drink machine sales. The defendant, however, has not offered any evidence to rebut it. Because the defendant has the initial burden to show that there is no material issue of fact that precludes summary judgment (*Clark*, 929 F.2d at 608), the court finds that the defendant is not entitled to summary judgment.

(Ala. 2000)). The defendant owes a duty to invitees "to use reasonable care and diligence to keep the premises in a safe condition, or, if the premises are in a dangerous condition, to give sufficient warning so that, by the use of ordinary care, the danger can be avoided." *Id*.

The defendant argues that absent evidence that the premises were dangerous, the plaintiff cannot recover for his injuries. (Doc. 6 at 5 (citing *Collum v. Jackson Hospital & Clinic, Inc.*, 734 So. 2d 314 (Ala. 1979)). The Alabama Supreme Court has held:

> Of course, the owner of premises in such cases is not an insurer of the safety of his invitees and res ipsa loquitur is not applicable. Neither is there any presumption of negligence arising out of the mere fact of injury to an invitee.
>
> As the defendant points out, in brief, "the law doesn't say that for every injury there is a remedy." The owner of premises has no duty to warn an invitee of open and obvious defects in the premises which the invitee is aware of, in the exercise of reasonable care on the invitee's part. *Tice v. Tice*, 361 So. 2d 1051 (Ala. 1978).
>
> . . . .
>
> "[A]s a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care." [*Quillen v. Quillen*,] 388 So. 2d [985] at 989 [(Ala. 1980)].
>
> In . . . *Terry v. Life Ins. Co. of Georgia*, 551 So. 2d 385, 386 (Ala. 1989), this Court discussed the definitions of "known" and "obvious" dangers:
>
>> "'The *Restatement (Second) of Torts* § 343A (1965) states:
>>
>> "'"(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."
>>
>> "'Comment b defines "known" and "obvious." In order [for a factfinder] to conclude that the defect was "known," the plaintiff must be aware of the existence of the condition and must appreciate the danger it involves. "Obvious" means that the

8

> condition and risk are apparent to, and would be recognized by, a reasonable person in the position of the invitee. Therefore, the "obvious" test is an objective one.'"

*Ex parte Mountain Top Indoor Flea Market*, 699 So. 2d at 161 (citations omitted). The defendant asserts that the plaintiff must show that the defendant should have foreseen that someone would fall as a result of the condition of the paving stones in order to show negligence. (Doc. 6 at 6).

The plaintiff responds that the defendant failed to maintain the premises in a safe condition, which proximately resulted in his injuries. (Doc. 8 at 6). Specifically, the plaintiff maintains that the area in which he fell was dark, and the paving stones were camouflaged by overgrown grass and were improperly installed and maintained. (*Id*.). In support of the contention that the stones were improperly installed, the plaintiff submitted a letter and drawing from the president of a landscape company providing information[7] regarding the proper installation of stepping stones.[8] (*See* Doc. 8 at Ex. 3). Further, the plaintiff alleges that "[t]he patio stones that tripped [him] were at least two to three inches too high, in a poorly lit area, and camouflaged by overgrown grass." (Doc. 8 at 7). The defendant has not offered any evidence to rebut the plaintiff's contention that the area was unreasonably maintained. Accordingly, the summary judgment motion must be denied.

---

[7]"[C]are should be given to insure that the step stones are installed no more than .5" above the existing grade to minimize the danger of some one [sic] tripping over them. . . . When installed in a sodded area care should be given to insure that they are installed low enough to allow a lawn mower to pass over. Proper spacing is important in that the spacing should allow for comfortable walking over the stones. Typically this is about 20" on center." (Doc. 8 at Ex. 3).

[8]The defendant does not question or attempt to rebut the reliability of the information submitted with the plaintiff's response. As such, the court will deem the information true for summary judgment purposes.

## Open and Obvious

The defendant next argues that even if the stepping stones did create a dangerous condition, the condition was open and obvious and the defendant, therefore, did not owe a duty to the plaintiff. (Doc. 6 at 7). The defendant specifically argues that because "[t]he duty to keep an area safe for invitees is limited to hidden defects which are not known to the invitee and would not be discovered by him in the exercise of ordinary care," *Breeden v. Hardy Corp.*, 562 So. 2d 159 (Ala. 1990), the "openness and obviousness of a hazard, if established, negate the . . . invitor's duty to eliminate the hazard or to warn the . . . invitee of the hazard." *Sessions v. Nonnenmann*, 842 So. 2d 649 (Ala. 2002).

The defendant further argues that the stepping stones were open and obvious and that the plaintiff was well aware of their existence. However, there is no testimony that the plaintiff was aware of their configuration or that he previously had passed over these stones. In fact, to the contrary, the plaintiff testified during his deposition that he had never walked over this set of paving stones before. (Patterson Dep. at 23-24).[9] Furthermore, the plaintiff asserts that the stones were hidden by overgrown grass. Therefore, for summary judgment purposes, the court cannot find that the dangerous condition was open and obvious. *See Harris v. Flagstar Enterprises, Inc.*, 685 So. 2d 760 (Ala. Civ. App. 1996) (stating that "questions of openness and obviousness of a danger of the invitee's knowledge are generally not to be resolved on a motion for summary judgment.").

## CONCLUSION

For the reasons set out herein, the court finds that genuine issues of material fact exist as

---

[9] Mr. Patterson's deposition is located at document 8, exhibit 4.

to whether the plaintiff was an invitee or licensee on the defendant's property and to whether a dangerous condition existed, and if so, whether it was open and obvious. Because the court finds that the questions of fact in this case are best suited for a jury, it finds that summary judgment is due to be denied. The court further finds that the plaintiff's motion to strike the defendant's response is due to be granted.

The Clerk of the Court is **DIRECTED** to serve a copy of this memorandum opinion upon counsel of record.

**DONE**, this _14th_ day of October, 2004.

*[signature]*
**JOHN E. OTT**
United States Magistrate Judge